**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINTON LARU ARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-2388 |
| | § | |
| PAROLE OFFICER LEONARDO PEDRAZA, | § | |
| | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Petitioner Clinton Laru Ards (SPN #01088273), a pretrial detainee at the Harris County Jail, has sent a handwritten letter to this Court concerning his current detention. The Court construes this letter as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Ards is representing himself and has been granted leave to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law, the Court concludes the petition must be dismissed without prejudice. The reasons are explained below.

**I.    Background[1]**

According to his petition and public records available online, Ards is in custody of the Harris County Jail as the result of his arrest and subsequent indictment for assault on a family

---

[1] The Court takes judicial notice of information pertaining to the status of Ards's state court proceedings from publicly available state court records. *See* Website for Harris County Sheriff's Office, available at http://www.harriscountyso.org (last visited on Feb. 16, 2018); *see also* Website for Harris County District Clerk's Office, available at http://www.hcdistrictclerk.com (last visited on Feb. 16, 2018).

member, with a previous conviction, in Cause Number 1527712, which is pending in the 177th District Court of Harris County, Texas. In addition to this felony charge, the Texas Board of Pardons and Paroles has filed a motion to revoke Ards's parole in a previous case.[2] As a result, a "parole hold" has been imposed on his detention, which has reportedly prevented him from posting a bond. In his petition, Ards asserts that he has been "off of parole" since March 24, 2017, and thus, his continued detention is pursuant to an improper parole hold.

## II. Legal Standards and Analysis

"Section 2241 is still 'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.'" *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)). "For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *Id.*

A state pretrial detainee may seek a federal writ of habeas corpus under 28 U.S.C. § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th*

---

[2] On June 13, 2013, Ards was convicted of assault on a family member and impeding breath and sentenced to a 4-year term in the Texas Department of Criminal Justice – Correctional Institutions Division. *State of Texas v. Ards*, Cause No. 1381840, 339th District Court of Harris County, Texas.

*Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–92 (1973). Ards meets the first prerequisite for review because he is confined in the Harris County Jail. Ards does not meet the second criteria, however, because he does not assert or demonstrate that he has exhausted available state court remedies as to his claims.

It is well-established that a state prisoner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995) (citations omitted). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct alleged violations of their prisoners' federal rights." *Morris v. Dretke*, 413 F.3d 484, 490–91 (5th Cir. 2005) (citing *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003)). "The purpose of exhaustion 'is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court.'" *Ruiz v. Quarterman*, 460 F.3d 638, 642–43 (5th Cir. 2006) (quoting *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by

filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus under Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2017). If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

Ards was indicted in the 177th District Court of Harris County. Public records demonstrate that Ards has not filed a state writ application under Article 11.08 with the judge of that court. On January 9, 2018, Ards filed a state writ application under Article 11.07 in connection with his previous conviction in the 339th District Court. That application, which remains pending in the trial court, raises the issue of whether Ards is confined pursuant to a parole hold on a discharged sentence. Because the application remains pending in the trial court, Ards has not yet exhausted his available state court remedies by presenting his claims to the Texas Court of Criminal Appeals. Nor does he otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971). Accordingly, the pending federal habeas petition must

be dismissed without prejudice for lack of exhaustion.

### III. Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For the reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Therefore, a certificate of appealability from this decision will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. This action is **DISMISSED** without prejudice for lack of exhaustion.

2. A certificate of appealability is **DENIED**.

3. All other pending motions, if any, are **DENIED**.

SIGNED at Houston, Texas, on FEB 2 1 2018.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE